SCUDDER T. WHIPPLE, Plaintiff, *v.* DIANA EDELSTEIN and Others, Defendants.

Supreme Court, Delaware County, July 24, 1933.

*Arthur F. Bouton* [*Robert B. Craft* of counsel], for the plaintiff, for the motion.

*Morris Shapiro*, for the defendant Samuel Shemin, as executor, etc., of Albert A. Halpern, deceased, and for Samuel Shemin, individually, opposed.

*Gleason B. Speenburgh*, guardian *ad litem* for the defendant Diana Edelstein.

McNAUGHT, J. The action is in foreclosure. It appears from the moving papers that two actions are now pending' for the foreclosure of mortgages convering the same real property. On or about June 6, 1932, Samuel Shemin commenced an action for the foreclosure of a mortgage upon the premises. In such action the plaintiff here, Scudder T. Whipple, was made a defendant under a general allegation that he, among other defendants, had or claimed to have some interest in, or lien upon the mortgaged premises subordinate to that of the plaintiff Shemin. The plaintiff here served an answer in the Shemin action denying his lien was subordinate to that of the plaintiff, and alleging as a defense in substance the facts set forth in his proposed amended complaint.

On or about June 8, 1932, plaintiff commenced this action to foreclose the mortgage owned by him, alleging that the defendant Samuel Shemin as executor of the last will and testament of Albert A. Halpern, deceased, had or claimed to have some interest in, or lien upon the mortgaged premises which was subordinate to that of the plaintiff.

It is unnecessary to discuss the somewhat complicated history of these litigations. It is sufficient to state that both actions were upon the calendar at the February, 1933, Trial Term, held in the county of Delaware; that the cases were set down to be heard at the chambers of the presiding justice at Stamford, on April 27, 1933; that on that date the attorney for Samuel Shemin as plaintiff moved to strike his case from the calendar, upon the ground that the owner of the equity of redemption had not been served and the case was not properly upon the calendar. The plaintiff here stated he was unable to proceed, as he had relied upon the trial of the action brought by Samuel Shemin prior to the trial of this action, or a consolidation of the two issues for the purpose of trial. Further proceedings were thereupon adjourned to chambers July 6, 1933. In the meantime this motion was made at the Oneonta Special Term, June 23, 1933.

The mortgage which the defendant Samuel Shemin claims to own, it appears from the papers submitted to this court, was originally owned by Albert A. Halpern, and it is alleged was duly assigned by Samuel Shemin as executor of the last will and testament of Albert A. Halpern, to Samuel Shemin individually. He contends such mortgage is a first lien upon the premises. The plaintiff seeks to bring in Samuel Shemin individually as a defendant, alleging he is unable to determine if and when such assignment was made and whether authorized and valid or not.

The proposed amended complaint contains voluminous allegations relative to said mortgage and seeks to have the premises

sold free and clear from any and all liens and encumbrances; the equities between the plaintiff and the defendant Samuel Shemin individually, and as executor, and between the lien of the mortgage owned and held by the plaintiff and the lien claimed to be owned and held by said Samuel Shemin ascertained, adjudicated, fixed and determined; that the amount unpaid, if any, upon the mortgage claimed to be owned by Samuel Shemin be ascertained and determined; that the amount ascertained and adjudged to be unpaid upon the mortgage claimed to be owned by Shemin be paid out of the proceeds of sale; that then the amount due plaintiff be paid; that in the event it be ascertained and adjudged that there is no amount unpaid upon the mortgage held by Shemin, the same be directed to be canceled and discharged of record.

We are of the opinion, in view of the history of the litigation, that the court would be unjustified in holding the plaintiff guilty of laches in making this application. It is manifest in the interests of the prompt, orderly and effective administration of justice that the controversy in relation to the relative priority of the mortgage held by the plaintiff and the mortgage held by Samuel Shemin in whatever capacity, should be ascertained and determined in one action, or that the two actions should by order of the court be consolidated.

The question presented is whether the proposed amended complaint sets forth a cause of action against the proposed individual defendant. It is well settled that the only proper parties to a foreclosure action, so far as mere legal rights are concerned, are the mortgagor and mortgagee, and those who have acquired rights under them subsequent to the mortgage. (*Emigrant Industrial Savings Bank* v. *Goldman*, 75 N. Y. 127.) It is equally well established that while such is the general rule, where a prior encumbrancer has been made a party defendant under a complaint containing the usual allegation that the encumbrancer's interest is subordinate to the mortgage of the plaintiff, upon default the interest of the prior encumbrancer is not cut off by the sale, but where the complaint alleges the prior encumbrance and prays for relief that the amount due be ascertained and such amount be first paid out of the proceeds of the sale, in that case the prior encumbrancer, if he suffers default, is concluded by the judgment. (*Jacobie* v. *Mickle*, 144 N. Y. 237.)

The question here is whether a complaint making the alleged prior encumbrancer a party defendant and which seeks to have the court, in the action brought by the apparent junior encumbrancer, determine the rights and adjudicate as to the validity and priority

of the apparent prior encumbrance is permissible and states a cause of action.

The plaintiff in a foreclosure action is at liberty to make senior mortgagees parties, have the amount secured by their mortgages ascertained and determined, and they may be paid out of the proceeds of the sale and their lien discharged, or the sale may be made subject to the known amount of their liens. (*Metropolitan Trust Co.* v. *Tonawanda, etc., R. R. Co.*, 43 Hun, 521; affd., 106 N. Y. 673; *Quinlan* v. *Olson Construction Co.*, 153 App. Div. 140; *Clark* v. *Fuller*, 136 Misc. 151.)

It is equally well settled by authority that a plaintiff in a foreclosure action may make a prior encumbrancer a party defendant, not only for the purpose of having the amount of his mortgage ascertained and determined, not only for the payment of the first mortgagee's lien from the proceeds of the sale, but in the case of controversy and where necessary for a complete determination, may make such apparent or alleged prior encumbrancer a party defendant and have the rights and equities of the parties adjudicated. (*Tax Lien Co.* v. *Schultze*, 213 N. Y. 9; motion for reargument denied, Id. 700; *Jasper* v. *Rozinski*, 228 id. 349; *McDermott* v. *Lawyers Mortgage Co.*, 232 id. 336; *330 Bleecker St. Corp.* v. *Mutual Tile Corp.*, 260 id. 258.)

In *Tax Lien Co.* v. *Schultze* (*supra*), the court, at pages 13, 14, enunciated the rule in the following language: " If a plaintiff in any foreclosure action chooses to make a person who claims that he holds a lien upon or interest in the property sought to be foreclosed that is prior and superior to the claim of the plaintiff, a party defendant, either for the purpose of determining the amount of the claim and paying it from the proceeds of sale or of having the same declared to be subject and subordinate to his lien, such claim should be clearly stated in the complaint.

" When a plaintiff so clearly states his claim in a complaint the defendant must appear in the action and present his claim by appropriate pleading or pleadings, and if necessary by proof or suffer the ordinary consequences of a default.

" If the plaintiff's claim is not so clearly stated in the complaint, but some general allegations are used therein to the effect that a claim is made by the defendant ' as subsequent purchaser or encumbrancer or otherwise,' it will not bar the defendant of rights that are superior and paramount to that of the plaintiff if he default therein." (Citing cases.)

In *Jasper* v. *Rozinski* (*supra*), the court, at pages 356–358, in passing upon the effect of making a person who claims a lien or interest in property superior to a mortgage or other lien, a party

defendant in an action to foreclose such mortgage or lien, reiterated the doctrine enunciated in *Tax Lien Co.* v. *Schultze* (*supra*), and quoted extensively from the opinion in that case.

In *McDermott* v. *Lawyers Mortgage Co.* (*supra*), the court held that where a second mortgagee commenced an action to foreclose and other parties claimed prior rights or liens, the rights of all parties might have been effectively adjudged in such foreclosure action. The court, at page 349, said: "The Lawyers Mortgage Company and other prior incumbrancers became necessary parties to that action when it appeared that this plaintiff, defendant in the foreclosure action, claimed priority to them under the statutes. Without their presence a complete determination of the controversy could not be had. (Code Civ. Pro., § 452.) They were within the description of 'persons not parties, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined.' (*Chapman* v. *Forbes*, 123 N. Y. 532, 537, 538.)"

In *330 Bleecker St. Corp.* v. *Mutual Tile Corp.* (*supra*), where in an action to foreclose a mortgage upon real property, the rights and priorities of a third party were involved, the Court of Appeals held the proper forum for the determination of all the equities and priorities was in such foreclosure action and that a motion to bring in the party claiming priority as a defendant should be granted.

It, therefore, appears to us that for the purpose of having all parties before the court and a complete adjudication of their rights and equities in the controversy, Samuel Shemin individually is a proper party defendant in this action. This action being the "proper forum" for the adjudication of the entire controversy, a supplemental summons should be issued and the proposed amended complaint served.

Some question is raised by counsel for defendant Shemin as to allegations of an accord and satisfaction arising out of some transaction relative to the mortgage owned or claimed to be owned by Shemin. There may be some doubt whether the facts set forth in the allegations criticized constitute an accord and satisfaction, but we do not deem the decision of this question necessary upon this motion.

If the Statute of Limitations is a defense to the state of facts alleged, the defendant Shemin may set up the statute as a defense. The defense of the Statute of Limitations is personal and the court cannot assume that it would be interposed.

Some question is also raised by counsel relative to the appointment of one Gleason B. Speenburgh as guardian *ad litem* for the

defendant Diana Edelstein, an incompetent. We do not consider that we can determine such question upon this motion. If there is any doubt as to the qualifications or propriety of the guardian *ad litem* acting as such, it must be brought to the attention of the court in a proper proceeding and cannot be now determined.

Ordinarily on granting a motion of this nature, after the lapse of practically a year from the time action was brought, terms would be imposed. The facts here disclosed, however, indicate that the defendant Shemin has not proceeded with any degree of diligence in the prosecution of his foreclosure action; that he has failed for a year or more to serve process upon the owner of the equity of redemption who is an incompetent; that he has by a series of somewhat procrastinating technicalities delayed the determination of the controversy upon the merits; that his action is not yet an issue which can properly be disposed of by trial; that such course has precluded plaintiff from procuring an adjudication upon the merits of the respective claims; that such action was brought in June, 1932, four months prior to the October Trial Term in Delaware county, and since the action was brought, three Trial Terms have been held, at any one of which the rights of all the parties could have been determined. It appears to the court that under the circumstances the allowance of ten dollars motion costs to abide the event to the party ultimately successful is the proper disposition of the matter of costs on this motion.

The motion is granted, with ten dollars costs to abide event.

Submit order accordingly.