O'KEEFE v CLARK EQUIPMENT COMPANY

Docket No. 50066. Submitted January 20, 1981, at Detroit.—Decided
March 25, 1981.

Terrance O'Keefe brought an action against the John Doe Corpo-
ration for damages resulting from an injury received because of
a defect in the manufacture of a fork lift. The action was
commenced one month before the period of limitation of actions
was to run. The deposition of his employer revealed that the
true identity of the defendant was the Clark Equipment Com-
pany, the manufacturer of the fork lift. Subsequently, plaintiff
amended his complaint naming Clark Equipment as defendant
after the period of limitation of actions had run. Defendant
moved for accelerated judgment based on the running of the
period, which motion was granted, Oakland Circuit Court,
Steven N. Andrews, J. Plaintiff appeals. *Held:*

The trial court, in its discretion, properly granted defendant's
motion for accelerated judgment. At the time plaintiff com-
menced his action against defendant, the applicable period of
limitation of actions had run. Plaintiff did not demonstrate
diligence in discovery or compliance with procedural rules.

Affirmed.

1. LIMITATION OF ACTIONS — JOINDER — ACCELERATED JUDGMENT —
DE NOVO REVIEW — COURT RULES — STATUTES.

The determination whether a party who seeks to add parties to a
litigation has complied with the court rules and is thus entitled
to a suspension of the running of the applicable period of
limitation of actions is, in the first instance, for the trial court,
and an added party may obtain review by the trial court of the

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 51 Am Jur 2d, Limitation of Actions §§ 232, 236, 240.

59 Am Jur 2d, Parties §§ 189, 268.

Change of party after statute of limitations has run. 8 ALR2d 6.

Amendment of pleading to add, substitute, or change capacity of,
party plaintiff as relating back to date of original pleading, under
Rule 15(c) of Federal Rules of Civil Procedure, so as to avoid bar
of limitations. 12 ALR Fed 233.

[3] 59 Am Jur 2d, Parties §§ 12, 96.

circumstances surrounding the adding of that party by moving for accelerated judgment on the ground that the period of limitation of action has run; thereupon, the trial court may review *de novo* the procedural steps taken by the party seeking amendment to assure that the added party is not unjustly deprived of his legitimate limitation of actions defense and, in its discretion, grant or deny the motion of the added party based on its evaluation (GCR 1963, 116, 118.4, MCL 600.5805; MSA 27A.5805).

2. LIMITATION OF ACTIONS — JOINDER — DEFENSES.
   A plaintiff seeking to add parties to litigation may avoid a limitation of actions defense only where he is able to demonstrate diligence in discovery and compliance with procedural rules.

3. LIMITATION OF ACTIONS — JOINDER — NECESSARY PARTIES — COURT RULES.
   The period of limitation of actions as to a particular person runs until a plaintiff amends his complaint to join the person as an additional party; where the period of limitation of actions has expired, only a necessary party may be added, provided that the plaintiff was diligent in bringing suit (GCR 1963, 205).

*Anderson & Radabaugh,* for plaintiff.

*Martin, Bacon & Martin, P.C.,* for defendant.

Before: N. J. KAUFMAN, P.J., and M. J. KELLY and CYNAR, JJ.

PER CURIAM. Plaintiff-appellant, Terrance O'Keefe (hereinafter "O'Keefe") appeals from a trial court's grant of accelerated judgment, GCR 1963, 116, in favor of defendant-appellee, Clark Equipment Company, based upon the running of the statute of limitations.

On July 19, 1976, O'Keefe's hand was injured when a defective fork lift dropped a piece of machinery on it. On June 22, 1979, he commenced this action against John Doe Corporation claiming that the defective fork lift, manufactured by that

corporation, caused his injury. On July 10, 1979, plaintiff had the Record Copy Service Corporation perform a record copy deposition on his employer to discover who manufactured the fork lift. See GCR 1963, 302.2.[1] After receipt of the material requested by the deposition, it was discovered by plaintiff that the Clark Equipment Company manufactured the fork lift. Plaintiff's attorney received a copy of the deposition on August 13, 1979. On October 17, 1979, the plaintiff filed an amended complaint naming Clark Equipment Company as the defendant. On December 10, 1979, Clark moved for accelerated judgment which the trial court granted based upon the running of the statute of limitations. The plaintiff appeals the grant of accelerated judgment.

GCR 1963, 118.4 allows a plaintiff to amend his complaint and governs whether an amendment relates back to the date of the original complaint. In *Charpentier v Young,* 83 Mich App 145, 149-150; 268 NW2d 322 (1978), *rev'd on other grounds* 403 Mich 851 (1978), this Court addressed the issue of whether a plaintiff could amend his complaint to add a party after the statute of limitations had run. This Court stated:

"We, therefore, conclude that whether a party seeking to add parties to the litigation has complied with the court rules so as to entitle him to suspend the running of an applicable statute of limitations in favor of an added party, is for determination in the first instance by the trial court. An added party may obtain the trial court's review of the circumstances leading up to the filing of the amended complaint by filing a

[1] The Notice of Taking Record Copy Deposition instructed plaintiff's employer, pursuant to GCR 1963, 302, to produce certain documents concerning the injury of plaintiff, Terrance O'Keefe. These records were copied and forwarded to plaintiff's attorney, providing him with the name of the true defendant in this action.

motion for accelerated judgment based upon the statute of limitations. The trial court may then review *de novo* the procedural steps taken by the amending party to assure that dilatory tactics have not unjustly deprived the added party of his legitimate statute of limitations defense. It is then within the discretion of the trial court to grant or deny the motion based upon his evaluation of the circumstances in each case."

This Court in *Charpentier* stated that a plaintiff may avoid a defense based upon the statute of limitations only where he can demonstrate diligence in discovery and compliance with procedural rules. *Id.,* 151. The plaintiff in the instant case did not use due diligence, and this Court affirms the trial court's grant of accelerated judgment.

In this case, the applicable statute of limitations was three years. MCL 600.5805(8); MSA 27A.5805(8). Plaintiff did not commence his action until a month before the statute was to run. While plaintiff did begin discovery immediately, he did not press for the material from the record copy deposition which contained the information needed to join the real manufacturer. Rather, plaintiff waited until August 13, 1979, for the information and did not file an amended complaint until October 17, 1979. Furthermore, the plaintiff did not comply with GCR 1963, 118 when he amended his complaint, having filed no motion to so amend, as mandated by GCR 1963, 118.1. Therefore, the trial court did not err in granting defendant's motion for accelerated judgment.

Plaintiff argues that defendant is a necessary party and can therefore be joined under GCR 1963, 205 even though the statute of limitations has run. The statute of limitations runs until a plaintiff amends his complaint to join the party. *Forest v Parmalee (On Rehearing),* 60 Mich App 401, 406;

231 NW2d 378 (1975), *aff'd on other grounds* 402 Mich 348; 262 NW2d 653 (1978). However, *Parmalee* also establishes three exceptions to the rule, one of which allows the joinder of a necessary party after the statute of limitations has expired. *Id.* Plaintiff argues that defendant is a necessary party because it is the only party from which plaintiff can recover.

In this case, plaintiff filed suit against this defendant after the statute of limitations had run. Even if it is true that Clark Equipment Company is the only defendant from which plaintiff can recover, this does not render the statute of limitations inapplicable. If plaintiff's argument were to be accepted, any plaintiff who filed suit against a fictitious defendant prior to the running of the statute of limitations could circumvent the statute by claiming that the defendant to be joined was a necessary party. This would prevent the operation of the statute of limitations even though the plaintiff was not diligent in bringing his suit.

We therefore conclude that the trial court did not err in granting accelerated judgment and affirm. Costs to defendant.