# STATE OF MICHIGAN

# COURT OF APPEALS

SHAE KEVIN GRAHAM,

      Plaintiff-Appellee,

v

SHAREA FOSTER,

      Defendant-Appellant.

FOR PUBLICATION
June 16, 2015
9:05 a.m.

No. 318487
Oakland Circuit Court
LC No. 2013-808521-DP

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

METER, J.

In this action to revoke paternity, defendant appeals by leave granted a circuit court order denying her motion for summary disposition. We affirm the denial of summary disposition but conclude that defendant's husband, Christopher Foster (hereinafter "Foster"), is a necessary party to plaintiff's lawsuit. We therefore remand this case for the addition of Foster as a defendant.

Defendant and Foster were married on September 18, 2004, and they continue to be married. In the summer of 2008, defendant and plaintiff engaged in an extramarital affair. Plaintiff alleged that on January 1, 2009, he and defendant conceived a child. Defendant's third child, Blake Foster, was born on September 23, 2009. Plaintiff filed an affidavit averring that he was present at Blake's birth and cut the umbilical cord during the delivery. Despite the foregoing, Foster was listed as the father on the child's birth certificate.

On September 22, 2010, plaintiff filed a complaint under the Paternity Act, MCL 722.711 *et seq.*, in which he alleged that he was Blake's biological father. The circuit court dismissed this action based on a lack of standing. The legislature subsequently enacted the Revocation of Paternity Act (RPA), MCL 722.1431 *et seq.* The RPA, among other things, confers standing on an "alleged father"[1] to seek a determination that a child was born out of wedlock, even though the mother was married at the time of the conception or birth. MCL 722.1441(3); MCL 722.1433(e). On May 15, 2013, plaintiff filed a complaint under the RPA. Once again, plaintiff

---

[1] The RPA defines an "alleged father" as "a man who by his actions could have fathered the child." MCL 722.1433(c).

alleged that he was Blake's biological father. Plaintiff sought (1) an order determining his paternity of the child, (2) an order of filiation naming him as the child's father, (3) an order providing for joint legal and physical custody of the child, and (4) an order allowing reasonable parenting time. Only defendant was named as a defendant in the complaint.

In lieu of filing an answer, on June 14, 2013, defendant filed a motion for summary disposition under MCR 2.116(C)(8) and (10). She argued, in part, that plaintiff could not satisfy the factual requirements of MCL 722.1441(3)(a), which states:

> (3) If a child has a presumed father, a court may determine that the child is born out of wedlock for the purpose of establishing the child's paternity if an action is filed by an alleged father and any of the following applies:

> (a) All of the following apply:

> (*i*) The alleged father did not know or have reason to know that the mother was married at the time of conception.

> (*ii*) The presumed father, the alleged father, and the child's mother at some time mutually and openly acknowledged a biological relationship between the alleged father and the child.

> (*iii*) The action is filed within 3 years after the child's birth. The requirement that an action be filed within 3 years after the child's birth does not apply to an action filed on or before 1 year after the effective date of this act.

> (*iv*) Either the court determines the child's paternity or the child's paternity will be established under the law of this state or another jurisdiction if the child is determined to be born out of wedlock.

Defendant claimed that plaintiff knew at all pertinent times that she and Foster were married. Defendant also claimed that Foster was a necessary party to the action and that, because the statute of limitations in MCL 722.1441(3)(a)(*iii*) had expired, plaintiff could no longer add Foster to the proceedings. Defendant asserted that the case had to be dismissed based on the failure to add a necessary party.

In response to defendant's motion for summary disposition, plaintiff argued, in part, that there was nothing in the plain language of the RPA requiring that plaintiff name Foster as a defendant. In the alternative, plaintiff argued that he should be granted leave to amend the complaint to add Foster as a defendant.

At a hearing on August 21, 2013, the circuit court found that the RPA did not require plaintiff to name Foster as a defendant and that Foster was not a necessary party to the lawsuit. It further found that genuine issues of fact existed with respect to whether plaintiff could satisfy

the necessary elements of his claim under the RPA.[2]  Accordingly, the circuit court denied defendant's motion for summary disposition; subsequently, the court also denied defendant's motion for reconsideration.

We review de novo a trial court's decision regarding a motion for summary disposition. *Coblentz v City of Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006).  We also review de novo issues of statutory and court-rule construction.  *Id.*; *Valeo Switches & Detection Systems, Inc v Emcom, Inc*, 272 Mich App 309, 311; 725 NW2d 364 (2006).

MCR 2.205 addresses the necessary joinder of parties and provides, in pertinent part:

> (A) **Necessary Joinder**.  Subject to the provisions of subrule (B) [discussing the effect of the failure to join] and MCR 3.501 [discussing class actions], persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.

This Court has held that a party is necessary to an action if that party "has an interest of such a nature that a final decree cannot be made without affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." *Mather Investors, LLC v Larson*, 271 Mich App 254, 257-258; 720 NW2d 575 (2006) (citations and quotation marks omitted).  In *Mather*, *id*. at 259, this Court noted that the Uniform Fraudulent Transfer Act (UFTA), MCL 566.31 *et seq.*, indicates that a transferor must be "liable for [a] claim" in order to be considered a "debtor" under the act.  The Court concluded that the person at issue (the transferor/alleged debtor) was an essential party in that case because her liability had not been adjudicated and was vital to the plaintiff's claim. *Mather*, 271 Mich App at 255, 259-260.  The Court noted that "unless the transferor's liability has already been determined in a proceeding that afforded the transferor a meaningful opportunity to defend, the transferor's 'presence in the action is essential to permit the court to render complete relief . . . .'" *Id*. at 259-260, quoting MCR 2.205(A).

Similar to the transferor's interests in *Mather*, Foster has interests that would not be adequately addressed if he were not a party to plaintiff's lawsuit under the RPA.  Under the RPA, a "[p]resumed father" is "a man who is presumed to be the child's father by virtue of his marriage to the child's mother at the time of the child's conception or birth."  MCL 722.1433(e). This Court has determined that under the Paternity Act, the custodial rights of a presumed father (i.e., of a man presumed to be a child's father because of his marriage to the child's mother) are significant and warrant due process protection. *Aichele v Hodge*, 259 Mich App 146, 164; 673 NW2d 452 (2003).  "There is an important liberty interest in the development of the parent-child relationship." *Id*.  The RPA's definition of a "presumed father" clearly implies that the presumed father is afforded the legal right of parenthood, unless that presumption is rebutted in a successful action under the act.  See, e.g., *Grimes v Van Hook-Williams*, 302 Mich App 521,

---

[2] We note that defendant does not take issue with this aspect of the circuit court's ruling.

527; 839 NW2d 237 (2013) (the RPA governs actions to determine that a presumed father is not a child's father). A successful action by plaintiff would strip Foster of interests that must not be set aside without Foster's fair chance to defend those interests. See, e.g., *Mather*, 271 Mich App at 257-258, 259-260. We thus find that Foster is a necessary party under MCR 2.205(A).

Defendant argues that plaintiff's failure to add a necessary party (Foster) within the limitations period bars his lawsuit. We disagree. Generally, if a defendant is brought into a lawsuit for the first time upon the filing of an amended complaint, the filing of the amendment constitutes the commencement of the action with regard to the new defendant. *Amer v Clarence A Durbin Assoc, Inc*, 87 Mich App 62, 65; 273 NW2d 588 (1978). However, an exception to that rule is that an additional defendant may be brought in after the expiration of the limitations period if the new party is a necessary party. *Id.*; *O'Keefe v Clark Equip Co*, 106 Mich App 23, 26-27; 307 NW2d 343 (1981).

In *O'Keefe, id.* at 24-25, 27, this Court was confronted with unique circumstances where the plaintiff had sued a fictitious entity in order to satisfy the statute of limitations and later added the proper defendant after the limitations period had ended. This Court held that a plaintiff cannot amend his complaint to add another party when he first sued a fictitious entity in order to satisfy the statute of limitations. *Id.* at 27. Such is not the situation in the present case. Instead, plaintiff properly named defendant in his timely-filed lawsuit, and now Foster will merely be *added* as a necessary party. In this circumstance, the statute of limitations does not bar plaintiff's claim. *Amer*, 87 Mich App at 65. As noted, plaintiff did request, in the circuit court, that he be allowed to amend his complaint by adding Foster as a defendant. MCR 2.118(A)(2) allows for the amendment of pleadings "when justice so requires," and justice requires this amendment, as discussed above. See also MCR 2.205(B) (discussing the mandatory joinder of a necessary party).[3]

We affirm the denial of summary disposition but remand this case for the addition of Foster as a defendant in the lawsuit. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro

---

[3] We note that if Foster were not added as a defendant, plaintiff's claim would be defective in that it would lack a necessary party. See, e.g., MCR 2.504(B)(3) (mentioning dismissal for failure to join a necessary party). We further note that defendant briefly requests that this Court strike the lower court's grant of plaintiff's motion for genetic testing. In light of our holding today, the grant of such an order was premature in that Foster had not been a party to the case before the order was issued. The issue may be revisited upon remand.