# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

GRAHAM v FOSTER

Docket No. 152058. Argued on application for leave to appeal January 10, 2017. Decided April 7, 2017.

Shae K. Graham filed a complaint under the Revocation of Paternity Act (RPA), MCL 722.1431 *et seq*., against Sharea Foster to establish his alleged paternity and legal fatherhood of Foster's son, BF. Foster married her husband, Christopher, in 2004, and BF was born in 2009 during Foster's marriage to Christopher. Because a child born during a marriage is presumed to be the legitimate child of that marriage, Christopher was BF's father as a matter of law. An action under the RPA must be filed within three years of the child's birth or within one year of the RPA's effective date. Graham timely filed his complaint on May 15, 2013, within the one-year period of limitations in MCL 722.1437(1) that began on June 12, 2012. Graham's complaint asked the court to first determine under MCL 722.1443(2)(d) that BF was born out of wedlock and then, under MCL 722.1443(2)(e), to determine that Graham was BF's biological father after which the court could enter an order of filiation establishing Graham as BF's biological father and naming him BF's legal father. Foster moved for summary disposition after the limitations period expired, asserting that Christopher was a necessary party to the litigation, MCR 2.205(A), but had not been named in Graham's complaint. According to Foster, Graham's action was time-barred because the period of limitations had expired and Christopher had not been made a party to the action. The court, Joan E. Young, J., ruled that Christopher was not a necessary party and denied Foster's motion for summary disposition. The Court of Appeals granted Foster's interlocutory application for leave to appeal the trial court's decision and held that Christopher was a necessary party to the litigation because Graham could not be named BF's father without terminating Christopher's parental rights. However, the Court of Appeals, CAVANAGH, P.J., and METER and SHAPIRO, JJ., affirmed the trial court's denial of Foster's motion for summary disposition, concluding that Graham's failure to name Christopher in his complaint before expiration of the limitations period was not fatal to Graham's complaint. 311 Mich App 139 (2015). The Court acknowledged that generally an action commences as to a party named in a complaint on the date the complaint is filed. Similarly, an action in which a party is first named in an amended complaint ordinarily commences as to that party on the date the amended complaint is filed. In this case, Christopher had not yet been added to the complaint before the limitations period had expired. But the Court of Appeals recognized a necessary-party exception to the general rule. According to the Court of Appeals, the necessary-party exception allowed a party to be added to an action after the limitations period had expired when the party was necessary to fully resolve the litigation. The Court of Appeals remanded the case to the trial

court to allow Graham to add Christopher to the action even though the statutory limitations period had expired. Foster filed an application for leave to appeal in the Supreme Court. The Supreme Court ordered and heard oral argument on whether to grant Foster's application for leave to appeal or take other action. 499 Mich 862 (2016).

In a memorandum opinion signed by Chief Justice MARKMAN and Justices YOUNG, ZAHRA, MCCORMACK, VIVIANO, and LARSEN the Supreme Court *held*:

A person whose parental rights may be terminated as a result of litigation must be made a party to the litigation because he or she is a person having such an interest in the litigation that his or her presence is essential to rendering complete relief. A person timely made a party to an action may not claim on his or her own behalf that the action is time-barred on the basis of the plaintiff's failure to add a necessary party before the limitations period expired. Additionally, a court may not preemptively decide whether a statute of limitations defense is available to a necessary party before he or she has been made a party to the litigation.

1. A person whose parental rights must be terminated in order to provide a plaintiff with the relief sought is a necessary party that must be added to the litigation before disposition. In this case, Christopher was a necessary party to the action because the relief Graham sought could not have been rendered without terminating Christopher's parental rights. Graham's complaint sought an order of filiation regarding a child born to Foster while she was married to Christopher. Because the child, BF, was born during Foster's marriage to Christopher, Christopher was BF's presumptive father. To name Graham as the father of BF would first require the termination of Christopher's parental rights, and Christopher had to be made a party to the litigation because it could affect his status as BF's legal father. The trial court erred when it held that Christopher was not a necessary party, and the Court of Appeals correctly reversed that determination.

2. A statute of limitations defense is personal, and a party may not assert a statute of limitations defense on his or her own behalf simply because other necessary parties were not timely sued. Specifically, Foster could not raise the statute of limitations defense potentially available to Christopher if he were added to the complaint because Foster was made a party to the litigation before the period of limitations had expired. Further, the availability to a party of a statute of limitations defense may not be decided before that party has been added to the proceedings. In this case, Christopher was a necessary party but he had not yet been added to the proceedings. Therefore, the Court of Appeals erred by adjudicating the merits of his anticipated statute of limitations defense, and that portion of the Court of Appeals opinion had to be vacated. If, on remand, Graham files an amended complaint naming Christopher as a defendant, Christopher will have the opportunity to raise a statute of limitations defense, and Graham will have the opportunity to litigate whether any exceptions apply to excuse his tardy joinder of Christopher to the litigation.

Affirmed in part and vacated in part.

Justice BERNSTEIN would have denied leave to appeal.

©2017 State of Michigan

# OPINION

Chief Justice:     Justices:
Stephen J. Markman     Robert P. Young, Jr.
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

FILED April 7, 2017

S T A T E   O F   M I C H I G A N

SUPREME COURT

SHAE KEVIN GRAHAM,

         Plaintiff-Appellee,

v                                    No. 152058

SHAREA FOSTER,

         Defendant-Appellant.

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

In this proceeding under the Revocation of Paternity Act (RPA), MCL 722.1431 *et seq*., the Court of Appeals erred by prematurely adjudicating a nonparty's anticipated defense. For that reason, we vacate the offending portions of the judgment below, while leaving in place its judgment remanding the case for further proceedings consistent with the remainder of its opinion.

On September 23, 2009, defendant, Sharea Foster, gave birth to a son, BF. Plaintiff alleges that he is the biological father of BF and therefore should be recognized

as BF's legal father. However, defendant has been married to her husband, Christopher Foster, since 2004. Because "a child conceived and born during a marriage is legally presumed the legitimate child of that marriage, and the mother's husband is the child's father as a matter of law," *Pecoraro v Rostagno-Wallat*, 291 Mich App 303, 305-306; 805 NW2d 226 (2011), our law presumes that Christopher is the father of BF notwithstanding plaintiff's assertions.

Plaintiff, nonetheless, has sought to establish his alleged paternity and legal fatherhood of BF. When a minor child has a presumptive father, the RPA allows an individual to come forward under certain circumstances and allege his paternity and legal fatherhood. See MCL 722.1441(3). A successful plaintiff can obtain a judicial determination that a child was born out of wedlock, a determination of his own biological paternity, and an appropriate order of filiation. MCL 722.1443(2)(d) and (e). On May 15, 2013, plaintiff filed a complaint seeking such a determination and order. Ordinarily, an action brought under the RPA must be filed within three years of the child's birth. However, the RPA also allows for actions to be brought within one year of the statute's effective date of June 12, 2012. MCL 722.1437(1). While plaintiff's action here was brought more than three years after BF's birth, it was brought within the alternative one-year limitations period.

In June 2013, shortly after the alternative limitations period expired, defendant moved for summary disposition. She argued that Christopher, her husband and BF's presumptive father, was a necessary party to the litigation under MCR 2.205(A). Because he had not been joined in the action within either limitations period, defendant argued that plaintiff's action was time-barred. The trial court, however, concluded that

2

Christopher was not a necessary party to the action and denied defendant's motion for summary disposition. Defendant then filed an interlocutory application for leave to appeal in the Court of Appeals, which it granted.

While the Court of Appeals ultimately held that the trial court erred by determining that Christopher was not a necessary party, the Court nonetheless affirmed the trial court's denial of summary disposition. The Court held that Christopher *was* a necessary party to the action because for plaintiff to prevail, Christopher's parental rights to BF would necessarily have to be terminated. *Graham v Foster*, 311 Mich App 139, 145; 874 NW2d 355 (2015). However, the Court rejected defendant's argument that plaintiff's failure to add Christopher within either of the limitations periods barred the action. Although the Court acknowledged that "if a defendant is brought into a lawsuit for the first time upon the filing of an amended complaint, the filing of the amendment constitutes the commencement of the action with regard to the new defendant," it pointed to a "necessary party" exception, which allows "an additional defendant [to] be brought in after the expiration of the limitations period if the new party is a necessary party."[1] *Id*. Consequently, the Court of Appeals affirmed the trial court's denial of summary

---

[1] As authority for this "necessary party" exception, the Court of Appeals pointed to *Amer v Clarence A Durbin Assoc*, 87 Mich App 62; 273 NW2d 588 (1978), and *O'Keefe v Clark Equip Co*, 106 Mich App 23; 307 NW2d 343 (1981). Although unmentioned by the Court of Appeals, these two opinions drew upon *Forest v Parmalee (On Rehearing)*, 60 Mich App 401; 231 NW2d 378 (1975). While the Court of Appeals acknowledged the existence of this purported rule in these cases, it concluded in all three that the exception did not apply. This appears to be the first case in either this Court or the Court of Appeals in which the exception has ever actually been applied.

3

disposition but remanded to the trial court for the addition of Christopher as a "necessary party."

On appeal in this Court, defendant argues that the Court of Appeals erred by holding that Christopher could be added to this litigation after the expiration of both limitations periods because he is a necessary party. She points to our decision in *Miller v Chapman Contracting*, 477 Mich 102, 106; 730 NW2d 462 (2007), in which we held that the relation-back doctrine does not apply to the addition of new parties, and contends that the necessary-party exception invoked by the Court of Appeals is inconsistent with *Miller*. We review de novo motions for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

Initially, the Court of Appeals was correct to conclude that, because plaintiff seeks a determination that BF was born out of wedlock and that he is the actual father of BF, plaintiff's action necessarily seeks to terminate Christopher's parental rights. This makes Christopher a "person[] having such [an] interest[] in the subject matter of [the] action that [his] presence in the action is essential to permit the court to render complete relief," meaning that he "must be made [a] part[y] . . . ." MCR 2.205(A).

Beyond this holding, we note two flaws in the Court of Appeals' opinion. First, as noted, defendant argued in the Court of Appeals that plaintiff's failure to add a necessary party within either of the limitations periods bars this suit and that Court disagreed on the basis of a supposed necessary-party exception to the joinder rule and the statutes of limitations. Implicit in this reasoning is the notion that, if it could be definitively ascertained that there was no such exception, defendant could assert Christopher's statute of limitations defense on her *own* behalf. However, a statute of limitations defense is

4

personal to the party raising it. *Casserly v Wayne Circuit Judge*, 124 Mich 157, 161; 82 NW 841 (1900) ("[T]he new defendant, only, could take advantage of the fact that he was not made a party within the year . . . .").[2] Thus, we conclude that defendant cannot assert a statute of limitations defense that is only available to Christopher.

The second, and related, flaw is the Court of Appeals' adjudication of the *merits* of Christopher's statute of limitations defense while he remained a nonparty to this proceeding. Relying on *Amer* and *O'Keefe*, the Court preemptively adjudicated whether Christopher could avail himself of the statute of limitations defense *before* it was even known if he was going to plead it because he had not yet been made a party to the case. The ability of a nonparty to raise a particular defense should not be preemptively adjudicated in the nonparty's absence. The Court of Appeals "attempted to adjudicate the

---

[2] Accord *Cochren v Louisiana Power & Light Co*, 639 So 2d 342, 345; La App 1994-CA-0002 (4th Cir, June 15, 1994) (a statute of limitations defense "cannot be urged by one party defendant in favor of another"); *Railey v State Farm Mut Auto Ins Co*, 129 Ga App 875, 880; 201 SE2d 628 (1973) ("[T]he bar of the statute of limitation is a personal defense, and as a general rule can be interposed only by the party in whose direct favor it operates . . . ."); *Beery v Hurd*, 295 Ill App 124, 131; 14 NE2d 656 (1938) ("The defense of the statute of limitations has been held . . . to be a personal one as between the debtor and the creditor and to be availed of can only be pleaded or taken advantage of by the debtor . . . ."); *Utah Assets Corp v Dooley Bros Ass'n*, 92 Utah 577, 583; 70 P2d 738 (1937) ("The statute of limitations is a personal right and can only be raised or asserted by the debtor . . . ."); *Neill v Burke*, 81 Neb 125, 126; 115 NW 321 (1908) ("The defense of the statute of limitations is generally regarded as a personal privilege of the debtor, . . . which can only be made by him . . . ."); *Dawson v Callaway*, 18 Ga 573, 585 (1855) ("The Statute of Limitations may be pleaded by the person in whose direct favor it operates . . . [and] who can say that the cause of action has not risen against *him* . . . ."). Although much of the caselaw deals with actions to collect on a debt, it has also been recognized in a family law context, like this one. See, e.g., *Clark v Los Angeles*, 187 Cal App 2d 792, 801; 9 Cal Rptr 913 (1960) ("[T]he right to assert the statute of limitations *as a defense to the annulment action* was a personal right . . . .") (emphasis added).

rights of persons who were not parties," but "was in no position to . . . circumvent the possible defenses of [Christopher] to [plaintiff's] claims, such as . . . the statute of limitations." *Yedinak v Yedinak*, 383 Mich 409, 419; 175 NW2d 706 (1970) (opinion by ADAMS, J.).[3] Until Christopher is properly designated as a defendant and exercises his right to raise the statute of limitations in his own defense, the availability of the defense to him cannot be resolved. *If* Christopher pleads this defense, and *if* plaintiff asserts an exception to the statute of limitations—including a necessary-party exception of the sort presumed by the Court of Appeals but vacated in this opinion—Christopher will then have an opportunity to litigate this issue for himself rather than having it adjudicated on his behalf in absentia.

We therefore vacate[4] that portion of the Court of Appeals' opinion preemptively adjudicating whether Christopher may avail himself of a statute of limitations defense.

---

[3] Accord *Stringer v American Bankers Ins Co of Florida*, 822 So 2d 1011, 1014; 2000-CP-00496-COA (Miss App, 2002) ("An affirmative defense such as the statute of limitations can only be raised by a party properly before the court . . . ."); *Mrozek v Mrozek*, 129 NC App 43, 46-47; 496 SE2d 836 (1998) ("[T]here is no evidence that defendant intends to assert a statute of limitations defense to the collection of the debt [owed to a nonparty]."); *Whipple v Edelstein*, 148 Misc 681, 685; 266 NYS 127 (1933) ("The defense of the Statute of Limitations is personal and the court cannot assume that it would be interposed.").

[4] Because we are vacating the portion of the Court of Appeals' decision concerning the relation-back doctrine, that portion of the Court of Appeals' opinion has no precedential effect and the trial court is not bound by its reasoning. See *People v Akins*, 259 Mich App 545, 550 n 8; 675 NW2d 863 (2003).

6

We leave undisturbed the Court of Appeals' determination that Christopher constitutes a necessary party to this proceeding, as well as its remand for further proceedings consistent with that determination.

> Stephen J. Markman
> Robert P. Young, Jr.
> Brian K. Zahra
> Bridget M. McCormack
> David F. Viviano
> Joan L. Larsen

BERNSTEIN, J. I would deny leave to appeal.

7