# STATE OF MICHIGAN

# COURT OF APPEALS

JASON ROSS KALIN,

        Plaintiff-Appellant,

v

PAIGE KATHERINE FLEMING,

        Defendant-Appellee.

FOR PUBLICATION
November 21, 2017
9:05 a.m.

No. 336724
Ingham Circuit Court
LC No. 15-001838-DC

Before: O'CONNELL, P.J., and MURPHY and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff, Jason Ross Kalin, appeals by delayed leave granted[1] the trial court's order denying his motion for summary disposition. The trial court also granted a motion filed by defendant, Paige Katherine Fleming, for an extension of time to file an action to revoke Kalin's paternity. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Kalin and Fleming had an on-again, off-again relationship. Fleming gave birth to a child on March 11, 2012. The next day, both Kalin and Fleming signed an affidavit of parentage. The child's birth certificate also lists Kalin as the father. Fleming did not challenge Kalin's signature of the affidavit, and she later admitted that she intentionally did not tell Kalin that there was a possibility that he was not the child's father.

Kalin and Fleming separated in April 2015. In May 2015, Fleming would not let Kalin see the child because their relationship ended. In a text conversation, Fleming told Kalin that he was not the child's father. In June 2015, Kalin moved for custody, parenting time, and support.

On July 11, 2014, Fleming filed a motion for an extension of time to set aside Kalin's affidavit of parentage on the basis of misrepresentation and misconduct. Fleming filed an amended motion for an extension of time, adding mistake of fact as a basis for seeking an

---

[1] *Kalin v Fleming*, unpublished order of the Court of Appeals, entered May 19, 2017 (Docket No. 336724).

-1-

extension. Fleming asserted that Kalin's mistaken belief that he was the child's biological father was the mistake of fact warranting an extension.

In addition to opposing Fleming's amended extension motion, Kalin moved for summary disposition under MCR 2.116(C)(7) (statute of limitations) and (8) (failure to state a claim). Kalin argued that Fleming did not allege facts to excuse the three-year deadline for revoking an acknowledgment of parentage. Fleming opposed summary disposition.

The trial court denied Kalin's motion for summary disposition and granted Fleming's motion for an extension of time to seek to revoke the acknowledgment of parentage. The trial court rejected Fleming's misrepresentation and misconduct arguments. However, the trial court agreed that Kalin signed the acknowledgment of parentage under the mistaken belief that he was the child's father, constituting a mistake of fact warranting an extension of time for Fleming to seek to revoke paternity.

## II. STANDARD OF REVIEW

We review a trial court's factual findings regarding a revocation of paternity action for clear error. *Rogers v Wcisel*, 312 Mich App 79, 86; 877 NW2d 169 (2015). "The trial court has committed clear error when this Court is definitely and firmly convinced that it made a mistake." *Id*. (quotation marks and citation omitted). This Court reviews de novo questions of statutory interpretation. *Bay Co Prosecutor v Nugent*, 276 Mich App 183, 187; 740 NW2d 678 (2007).

The standards for statutory interpretation are well-established:

The goal of statutory interpretation is to give effect to the Legislature's intent. If a statute's language is clear, this Court assumes that the Legislature intended its plain meaning and enforces it accordingly. In doing so, every word should be given meaning, and we should avoid a construction that would render any part of the statute surplusage or nugatory. While generally words and phrases used in a statute should be assigned their primary and generally understood meaning, words and phrases which have a technical or special meaning in the law should be construed according to that technical or special meaning[.] Statutory language should be construed reasonably, keeping in mind the purpose of the act, and to avoid absurd results. [*Rogers*, 312 Mich App at 86-87 (quotation marks and citations omitted, alteration in original).]

## III. ANALYSIS

The Revocation of Paternity Act (RPA), MCL 722.1431 *et seq.*, defines an acknowledged father as "a man who has affirmatively held himself out to be the child's father by executing an acknowledgment of parentage under the acknowledgment of parentage act . . . MCL 722.1001 to 722.1013." MCL 722.1433(a). A signed acknowledgment of parentage "establishes paternity[.]" MCL 722.1004.

The child's "mother, the acknowledged father, an alleged father, or a prosecuting attorney may file an action for revocation of an acknowledgment of parentage." MCL

722.1437(1). An affidavit accompanying the motion must assert one of five statutory bases for revocation:

(a) Mistake of fact.

(b) Newly discovered evidence that by due diligence could not have been found before the acknowledgment was signed.

(c) Fraud.

(d) Misrepresentation or misconduct.

(e) Duress in signing the acknowledgment. [MCL 722.1437(4).]

A revocation action "shall be filed within 3 years after the child's birth or within 1 year after the date that the acknowledgment of parentage was signed, whichever is later . . . ." MCL 722.1437(1). The term "shall" is mandatory. *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008). Accordingly, MCL 722.1437 provides no basis under which a parent may file an action for the revocation of paternity later than three years after the child's birth or later than one year after the signing of the acknowledgment of parentage.

However, MCL 722.1443 provides an exception under which a party may request an extension of time to seek revocation of an acknowledgment of parentage:

(12) A court may extend the time for filing an action or motion under this act. A request for extension shall be supported by an affidavit signed by the person requesting the extension stating facts that the person satisfied all the requirements for filing an action or motion under this act but did not file the action or motion within the time allowed under this act because of 1 of the following:

(a) Mistake of fact.

(b) Newly discovered evidence that by due diligence could not have been found earlier.

(c) Fraud.

(d) Misrepresentation or misconduct.

(e) Duress.

In this case, Fleming filed an extension motion in July 2015, which was more than three years after the child's birth in March 2012.[2] Thus, it was necessary for Fleming to request an

---

[2] Because Kalin and Fleming signed the affidavit of parentage the day after the child was born, the three-year deadline is the later deadline. See MCL 722.1437(1).

extension of the statutory three-year deadline. To merit an extension, Fleming was required to show that one of the five exceptions listed in MCL 722.1443(12) prevented her from moving for revocation of the acknowledgment of parentage within the three-year time period.

Fleming argued that a mistake of fact provided the basis for extending the time for filing. A "mistake of fact" is " 'a misunderstanding, misapprehension, error, fault, or ignorance of a material fact, a belief that a certain fact exists when in truth and in fact it does not exist.' " *Rogers*, 312 Mich App at 95, quoting *Montgomery Ward & Co v Williams*, 330 Mich 275, 279; 47 NW2d 607 (1951). "[E]vidence that a party acted in part on an erroneous belief is sufficient under MCL 722.1437(2) to establish a mistake of fact." *Rogers*, 312 Mich App at 96.

Fleming asserted Kalin's mistaken belief that he was the child's biological father as the mistake of fact. While Kalin's mistaken belief that he was the child's father may constitute a mistake of fact, MCL 722.1443(12) requires that the person requesting the extension show that she did not timely file the action *because of* one of the five listed exceptions. Fleming did not allege that *she* was previously unaware of the child's paternity, nor did she allege that a mistaken belief contributed to her delay. Thus, Fleming's affidavit did not describe a mistake of fact that prevented her from seeking revocation of the acknowledgment of parentage within the three-year deadline. Accordingly, the trial court erred by determining that MCL 722.1443(12) allowed an extension in this case because Fleming's affidavit did not establish an exception to the general rule that a parent must file an action to revoke parentage within three years of the child's birth.

Fleming relies on cases discussing a mistake of fact supporting revocation of paternity. Her reliance is unavailing because none of these cases arose from an extension motion to bring an untimely revocation action. See *Rogers*, 312 Mich App 79; *Helton v Beaman*, 304 Mich App 97; 850 NW2d 515 (2014); *Bay Co Prosecutor*, 276 Mich App 183. Whether Fleming's affidavit described a mistake of fact that excused the filing deadline is a separate question from whether Kalin's mistake of fact could support a timely revocation action. Because Fleming's affidavit did not establish a mistake of fact that prevented her from meeting the filing deadline, the trial court erred by granting Fleming's extension motion.[3]

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ William B. Murphy
/s/ Kirsten Frank Kelly

---

[3] Fleming does not argue on appeal that misrepresentation and misconduct warranted an extension. Thus, she has abandoned these arguments on appeal. See *Villadsen v Mason Co Rd Comm*, 268 Mich App 287, 303; 706 NW2d 897 (2005). Moreover, the events she described to support these arguments all pre-dated the expiration of the statutory three-year filing deadline, and she did not show how they prevented her from filing a timely revocation action.