*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CODY BOYD,

Plaintiff-Appellee,

v

AMANDA FRISKEY,

Defendant-Appellee,

and

TOMMY JAY SMITH,

Intervening Defendant-Appellant.

UNPUBLISHED
February 28, 2019

No. 341660
Oakland Circuit Court
Family Division
LC No. 2017-858856-DP

Before: GLEICHER, P.J., and K. F. KELLY and LETICA, JJ.

PER CURIAM.

On delayed application for leave to appeal,[1] intervening defendant challenges the trial court's order granting plaintiff's motion for reconsideration and an extension of time to bring an action under the Revocation of Paternity Act ("ROPA"), MCL 722.1431 *et seq.* We reverse.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The minor child was born on October 13, 2013. One day later, defendant and intervening defendant signed an acknowledgment of parentage form ("AOP"). Defendant and intervening defendant married approximately two weeks later.

---

[1] *Boyd v Friskey*, unpublished order of the Court of Appeals, entered January 31, 2018 (Docket No. 341660).

On July 24, 2016, defendant filed a complaint for divorce against intervening defendant. In the divorce action, defendant filed a "motion to exclude" intervening defendant as the child's legal father and indicated that DNA (deoxyribonucleic acid) testing revealed that, in fact, plaintiff was the child's biological father, not intervening defendant. Defendant asked the divorce court to name plaintiff as the child's legal father. On September 27, 2016, the trial court signed an order granting plaintiff's ex parte motion to intervene in that divorce action "under the Revocation of Paternity Act." However, on October 3, 2016, defendant's complaint for divorce was dismissed because defendant and intervening defendant had reconciled. According to plaintiff, he did not receive notice of the dismissal of defendant and intervening defendant's divorce action.

Plaintiff then filed a "complaint for paternity" solely against defendant on December 16, 2016. The matter was handled by the same judge that had been assigned the previously dismissed divorce action. Plaintiff's paternity complaint did not reference ROPA nor did it name intervening defendant as a party. Plaintiff alleges that it was only after seeing defendant's response to a motion filed in the paternity action that he learned there was an AOP. Therefore, on March 27, 2017, plaintiff filed an amended complaint for a revocation of the AOP under the ROPA. Notably, plaintiff's amended complaint identified intervening defendant only as an interested party.

Defendant filed a motion to dismiss plaintiff's complaint on various grounds, one of which was that plaintiff's action for revocation of parentage was not timely pursuant to MCL 722.1437(1), which provides that an action for revocation of an AOP "shall be filed within 3 years after the child's birth or within 1 year after the date that the acknowledgment of parentage was signed, whichever is later." The trial court agreed and on May 25, 2017, it entered an order dismissing plaintiff's complaint.

On June 20, 2017, plaintiff filed a motion for reconsideration and, alternatively, an extension of time in which to file his ROPA complaint. Plaintiff argued that both his intervention in the divorce action as well as his complaint for paternity were timely and complied with MCL 722.1437(1). In the event the trial court disagreed, plaintiff requested an extension of time to file his complaint pursuant to MCL 722.1443, which allows an extension of time when a party, by affidavit, can demonstrate that he was unable to bring the action in a timely manner due to mistake of fact, newly discovered evidence, fraud, or misrepresentation. Plaintiff noted that he would be "executing a more thorough affidavit" in support of his motion for an extension of time pursuant to MCL 722.1443. In July 2017, plaintiff authored an affidavit "in support" of his motion for reconsideration. However, according to the register of actions, plaintiff did not formally file his affidavit with the trial court until November 20, 2017.

Nevertheless, on September 7, 2017, the trial court entered an order granting plaintiff's motion for reconsideration based, in part, on the averments in plaintiff's untimely and yet-to-be-filed affidavit. The trial court ruled that plaintiff was not required to file the affidavit in support of his motion for an extension of time because "a strict reading of MCL 722.1443(12)" did not require a supporting affidavit to be contemporaneously filed with a motion for an extension of time. The trial court ultimately granted plaintiff's motion for reconsideration and extension of time, making the following observations:

The court is satisfied from Plaintiff's affidavit, Defendant's pleadings in Case No. 16-319007-DM and Exhibit #3 of Plaintiff's Supplemental Motion [text messages] that through at least September 30, 2016, 13 days before the child's third birthday, Defendant was representing to the Plaintiff that she intended for him to become the child's legal father, was discussing a future custody agreement and was discussing plans for the child. Defendant had filed pleadings in her divorce case to that effect, she had asked the court to revoke her husband's paternity to the child and asked that the Plaintiff be named the child's legal father. Additionally, Plaintiff had successfully intervened in the divorce seeking paternity before the child was 3 years of age. It is possible that Plaintiff continued to rely on Defendant's representations on or after the child's third birthday. Nevertheless, the court is satisfied that within days of the child turning 3 years of age, the Defendant was representing that she wanted Plaintiff to be the legal father of the child and was in the process of attempting to seek a court remedy to that effect. Furthermore, in Defendant's divorce case, Plaintiff was properly before the court, seeking paternity, having filed a proper motion asserting his claims under the Revocation of Paternity Act, before the child turned 3 years of age and before Defendant dismissed the divorce.

The court is satisfied that under MCL 7222.1443(12)(d) Defendant made substantial misrepresentations and due to those misrepresentations Plaintiff did not file the action within the time allowed under the Revocation of Paternity Act. Such misrepresentations as well as general equity and justice, dictate and justify that this court grant an extension of time under the act.

On October 4, 2017, intervening defendant filed a petition to intervene in the ROPA case and a motion to dismiss plaintiff's complaint. Intervening defendant argued that plaintiff failed to include intervening defendant, the child's acknowledged father, as a necessary party. Intervening defendant further argued that the complaint should be dismissed because plaintiff filed his complaint in Genesee County when, pursuant to MCL 722.1443(2), plaintiff should have filed his complaint in Oakland County, where defendant and the child resided.

On November 9, 2017, the trial court entered an order permitting intervening defendant to intervene. It also ordered the case be transferred to Oakland County pursuant to MCL 722.1443(1) because defendant and the child resided in Oakland County.

Intervening defendant now appeals by leave granted, challenging the trial court's September 7, 2017, order granting plaintiff's motion for reconsideration and permitting plaintiff an extension to file his ROPA complaint.

## II. STANDARDS OF REVIEW

A trial court's grant or denial of a motion for reconsideration is reviewed for an abuse of discretion. *Sherry v East Suburban Football League*, 292 Mich App 23, 31; 807 NW2d 859 (2011). " 'An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes.' " *Id.*, quoting *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

"This Court reviews de novo questions of statutory interpretation." *Kalin v Fleming*, 322 Mich App 97, 100; 910 NW2d 707 (2017). This Court also reviews de novo "questions regarding whether an action is barred by a period of limitations." *Stenzel v Best Buy Co, Inc*, 320 Mich App 262, 274; 906 NW2d 801 (2017), lv gtd 501 Mich 1042 (2018).

"We review a trial court's factual findings regarding a revocation of paternity action for clear error." *Kalin*, 322 Mich App at 100. " 'The trial court has committed clear error when this Court is definitely and firmly convinced that it made a mistake.' " *Id.*, quoting *Rogers v Wcisel*, 312 Mich App 79, 86; 877 NW2d 169 (2015).

### III. ROPA

At issue in this case is whether plaintiff timely asserted his ROPA action and, if not, whether plaintiff was entitled to an extension of time.

"The [ROPA] defines an 'acknowledged father' as 'a man who has affirmatively held himself out to be the child's father by executing an acknowledgment of parentage under the acknowledgment of parentage act, . . . MCL 722.1001 to 722.1013.' MCL 722.1433(a)." *Kalin*, 322 Mich App at 101. "A signed acknowledgment of parentage 'establishes paternity . . .' " *Id.*, quoting MCL 722.1004. Here, intervening father was the child's legal father and had established paternity.

Under the ROPA, "[t]he child's 'mother, the acknowledged father, an alleged father, or a prosecuting attorney may file an action for revocation of an acknowledgment of parentage.' " *Kalin*, 322 Mich App at 101, quoting MCL 722.1437(1). Pursuant to MCL 722.1437(4), an action for revocation of an acknowledgment of parentage "shall be supported by an affidavit signed by the person filing the action that states facts" that "constitute" one of the following five statutory grounds for revocation:

> (a) Mistake of fact.
>
> (b) Newly discovered evidence that by due diligence could not have been found before the acknowledgment was signed.
>
> (c) Fraud.
>
> (d) Misrepresentation or misconduct.
>
> (e) Duress in signing the acknowledgment.

MCL 722.1437(1) requires "The term 'shall' is mandatory." *Kalin*, 322 Mich App at 101. "Accordingly, MCL 722.1437 provides no basis under which a parent may file an action for the revocation of paternity later than three years after the child's birth or later than one year after the signing of the acknowledgment of parentage." *Id.* at 101-102.

However, MCL 722.1443(12) provides:

-4-

A court may extend the time for filing an action or motion under this act. A request for extension shall be supported by an affidavit signed by the person requesting the extension stating facts that the person satisfied all the requirements for filing an action or motion under this act but did not file the action or motion within the time allowed under this act because of 1 of the following:

(a) Mistake of fact.

(b) Newly discovered evidence that by due diligence could not have been found earlier.

(c) Fraud.

(d) Misrepresentation or misconduct.

(e) Duress.

Put another way, "MCL 722.1443(12) requires that the person requesting the extension show that [he] did not timely file the action *because of* one of the five listed exceptions." *Kalin*, 322 Mich App at 103.

For the reasons below, we hold that plaintiff failed to bring a timely ROPA action and was not entitled to an extension.

## IV. FAILURE TO ADD A NECESSARY PARTY

Intervening defendant argues that the trial court was required to dismiss plaintiff's action for failure to include him as a necessary party. We agree.

In *Graham v Foster*, 311 Mich App 139; 874 NW2d 355 (2015), aff'd in part, vacated in part 500 Mich 23; 893 NW2d 319 (2017), the "alleged father"[2] had an affair with the child's mother and the child was the result of that affair. However, because the mother was married at the time of the child's conception and birth, her husband was the "presumed father."[3] The alleged father brought a timely ROPA action, but named only the mother. The mother then moved for summary disposition, arguing in part that her husband was a necessary party to the action and that, because the time for bringing an action had expired, the alleged father could no longer add the presumed father to the case. She argued that dismissal for failure to add a necessary party was required. The trial court disagreed and denied the mother's motion for summary disposition. *Id*. at 140-142.

---

[2] The ROPA defines an "alleged father" as "a man who by his actions could have fathered the child." MCL 722.1433(c).

[3] The ROPA defines "presumed father" as "a man who is presumed to be the child's father by virtue of his marriage to the child's mother at the time of the child's conception or birth." MCL 722.1433(e).

This Court held that because a successful action by the alleged father would effectively "strip" the presumed father of his legal interest in parenting the child, the presumed father had to be afforded an opportunity to defend his interests and was, in fact, a necessary party. *Id.* at 144-145. However, this Court further concluded that the alleged father's failure to name the presumed father was not fatal to his claim because the alleged father brought a timely motion under ROPA, naming the mother and the presumed father would "merely be *added* as a necessary party." *Id.* at 145.

Our Supreme Court agreed that the presumed father was a necessary party to the action because a determination that the child was born out of wedlock and that the alleged father was the child's legal father would necessarily terminate the presumed father's parental rights. *Graham v Foster*, 500 Mich 23, 28-29; 893 NW2d 319 (2017). As such, the presumed father had an interest in the subject matter and his presence in the action was essential to permit the court to render complete relief within the meaning of MCR 2.205(A).[4] *Graham*, 500 Mich at 28-29.

However, the Supreme Court also held that this Court erred by implicitly determining that the mother could assert the statute of limitations defense when that defense was personal to the presumed father, who had not been joined in the action. The Court further determined that this Court erred by deciding the merits of the presumed father's statute of limitations defense when he had not been joined in the action and had not raised the issue. *Graham*, 500 Mich at 29-30. Therefore, the Supreme Court vacated this Court's opinion to the extent that it analyzed whether the presumed father could avail himself of the statute of limitations defense. *Id.* at 31.

Here, we discern no reason to treat intervening defendant – an acknowledged father – any differently than the presumed father in *Graham*. Intervening defendant is the child's legal father. Plaintiff's claim, if successful, would effectively terminate intervening defendant's parental rights. As such, intervening defendant was a necessary party to plaintiff's claim.

Plaintiff acknowledges the implication of *Graham* but argues that, here, intervening defendant "is essentially claiming that the court did not dismiss the case for failing to add him as a necessary party without having asserted that defense which, as in *Graham*, is only available to himself." However, the case before us is distinguishable from *Graham* because intervening defendant (an acknowledged father) has asserted the statute of limitations defense.

Additionally, we conclude that the relation-back doctrine has no applicability in this case. In *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007), our Supreme Court rejected the notion that the "relation-back doctrine" includes the addition of new parties. The Court held that although the addition of new claims arising out of the same conduct, transaction, or occurrence, generally relates back to the date on which the complaint was filed,

---

[4] MCR 2.205(A) provides: "Necessary Joinder. Subject to the provisions of subrule (B) and MCR 3.501, persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests."

the doctrine does not apply to the addition of new parties. "Where . . .the plaintiff seeks to substitute or add a wholly new and different party to the proceedings, the misnomer doctrine is inapplicable." *Id*. at 107. We hold that the same is true in the case before us. Adding intervening defendant to the plaintiff's action is not simply a correction. Instead, as an acknowledged father, intervening defendant was critically necessary in determining paternity.

Even if the relation-back doctrine was applicable, we ask – relate back to what? Plaintiff's December 2016 paternity action wherein he names only defendant is still untimely under the ROPA. That is, even if we concluded that plaintiff's amended complaint relates back to his December 2016 paternity action, it would not comply with MCL 722.1437, which provides no basis under which a parent may file an action for the revocation of paternity later than three years after the child's birth or later than one year after the signing of the acknowledgment of parentage. The latest date plaintiff could have filed the ROPA action was when the child turned three on October 13, 2016.

Nor are we persuaded that the action plaintiff took during defendant's now dismissed divorce proceeding preserved his revocation claim. Plaintiff was not legally entitled to intervene in defendant's pending divorce. "Domestic relations actions are strictly statutory. The only parties to a divorce action are the two people seeking dissolution of their marriage." *Killingbeck v Killingbeck*, 269 Mich App 132, 140 n 1; 711 NW2d 759 (2005). In fact, "third parties can be joined in [a] divorce action only if they have conspired with one spouse to defraud the other spouse of a property interest." *Estes v Titus,* 481 Mich 573, 583; 751 NW2d 493 (2008). A child's biological father may not simply intervene in a divorce case. "[His] sole recourse on any issue involving his [child] was in the paternity action, not in the divorce action." *Killingbeck*, 269 Mich App 140 n 1. As a matter of law, plaintiff's sole recourse was a separate paternity or ROPA action; he was not entitled to intervene in the divorce action. While defendant, as the child's mother, had every right to adjudicate the child's paternity in the divorce action and had, in fact, initially requested the same relief that plaintiff seeks, defendant and intervening defendant reconciled and dismissed the divorce action before the issue was adjudicated.[5]

We hold that, as a matter of law, intervening defendant was the child's legal father and essential to plaintiff's revocation action. Plaintiff's failure to name intervening defendant was fatal to his revocation action because, as has been discussed, the relation-back doctrine has no application to the facts before us. The question then becomes whether plaintiff was entitled to an extension of time to file his revocation claim.

## IV. FAILURE TO PROPERLY APPLY 722.1443

---

[5] However, it must be noted that even if defendant was successful in obtaining a ruling that intervening defendant was not the child's biological father, he still was entitled to litigate that he was the child's equitable father within the confines of the divorce action. See, *Atkinson v Atkinson*, 160 Mich App 601 608-609; 408 NW2d 516 (1987)

Intervening defendant contends that the trial court erred when it granted plaintiff an extension of time because the trial court erred in its application of MCL 722.1443(12) and (13). We agree.

Again, MCL 722.1443(12) permits a court to extend the time for filing an action beyond the three-year limitation if an individual can show that he did not file within the allowed time due to mistake of fact, newly discovered evidence that due diligence would not have revealed; fraud, misrepresentation or misconduct, or duress. That is, "MCL 722.1443(12) requires that the person requesting the extension show that [he] did not timely file the action *because of* one of the five listed exceptions." *Kalin*, 322 Mich App at 103.

Paradoxically, the trial court found that defendant made substantial misrepresentations to plaintiff that resulted in plaintiff's failure to file an action under the ROPA within the time limitation provided by MCL 722.1437(1), and that plaintiff had properly filed a "motion asserting his claims under the Revocation of Paternity Act" in defendant and intervening defendant's divorce within the time limitation provided by MCL 722.1437(1). If plaintiff timely filed "claims under the Revocation of Paternity Act" in defendant and intervening defendant's divorce, then it is unclear how defendant's misrepresentations resulted in plaintiff's failure to timely file such a claim. Therefore, the trial court clearly erred when it found that defendant's misrepresentations prevented plaintiff from timely filing his claim under the ROPA.

Additionally, the trial court explained that it was also granting plaintiff's motion for an extension of time in part on the grounds of "general equity and justice[.]" The trial court opined that defendant's misrepresentations and misconduct warranted granting the extension. However, "general equity and justice" are not among the grounds provided for an extension of time under MCL 722.1443(12). While courts of this state seek to do equity in family law matters, they can only do so within the confines of the applicable statutes.

Moreover, regardless of the propriety of the trial court's determination, the trial court erred in its interpretation of the language requiring that a putative father file an affidavit accompanying his motion. MCL 722.1443(12) provides that "[a] request for extension shall be supported by an affidavit signed by the person requesting the extension stating facts that the person satisfied all the requirements for filing an action or motion under this act but did not file the action or motion within the time allowed under this act because of 1 of the following . . ." The trial court reasoned:

> Although the affidavit was not submitted contemporaneously with the motion for reconsideration and request for extension of time, a strict reading of MCL 722.1443(12) does not require it. The only requirement is that the request be supported by an affidavit, without mandating that it be submitted at the same time as the request. In any event, if such a requirement existed, any procedural defect would have been cured.

We hold that the language stating that "[a] request for extension shall be supported by an affidavit" requires that an affidavit be filed contemporaneously with the request for extension. In *Helton v Beaman*, 304 Mich App 97, 103; 850 NW2d 515 (2014), we addressed the sufficiency of an alleged father's affidavit even though the parties did not specifically address that issue

"because a determination of the sufficiency of the affidavit is a requisite step in the analysis prescribed by MCL 722.1437." *Helton*, 304 Mich App at 103 n 4. In fact, only after a trial court deems an affidavit sufficient may it order DNA testing under MCL 722.1437(2). It follows, then, that a motion for extension of time under MCL 722.1443(12) must be likewise accompanied by an affidavit setting forth the factual basis for a party's failure to bring a timely action.

Here, plaintiff filed his motion for reconsideration and request for extension on June 20, 2017. His affidavit in support of his motion was signed and notarized on July 25, 2017. The affidavit was not filed with the trial court until November 2017. The trial court clearly erred in relieving plaintiff of his procedural obligations.

Finally, even though the trial court found that plaintiff's affidavit under MCL 722.1443(12) was sufficient, the trial court's order is silent with regard to MCL 722.1443(13), which provides:

> If the court finds that an affidavit under subsection (12) is sufficient, the court may allow the action or motion to be filed and take other action the court considers appropriate. The party filing the request to extend the time for filing has the burden of proving, by clear and convincing evidence, that granting relief under this act will not be against the best interests of the child considering the equities of the case.

There is no indication that the trial court found that plaintiff had fulfilled his "burden of proving, by clear and convincing evidence, that granting relief under this act will not be against the best interests of the child considering the equities of the case." Therefore, the trial court failed to complete the analysis required by MCL 722.1443.

Reversed and remanded with instructions to dismiss plaintiff's amended complaint. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Anica Letica