*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANNE MARIE HAZEN,

        Plaintiff-Appellant,

v

KEVIN ANTHONY PHILLIS,

        Defendant-Appellee.

UNPUBLISHED
December 12, 2019

No. 345994
Eaton Circuit Court
Family Division
LC No. 2011-000549-DS

Before: SWARTZLE, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order denying her motion for revocation of acknowledgment of paternity. We affirm.

## I. FACTS

In April 2011, plaintiff signed a complaint for support that stated that defendant, Kevin Anthony Phillis, is the father of plaintiff's child born on November 1, 2009. On May 24, 2011, the trial court entered a consent judgment of support containing a finding that defendant is the father of plaintiff's child. Plaintiff acknowledges that the parties executed an acknowledgment of paternity that established defendant as the child's father, although she now claims that she did not understand what she signed.

Over the years, the parties have disagreed about parenting time and custody of their minor child which led to court intervention and several appeals to this Court. After acknowledged father moved to amend parenting time on September 4, 2018, plaintiff filed on September 18, 2018, for revocation of acknowledgment of defendant's paternity. Plaintiff requested that the trial court order genetic testing because she asserted that a possibility existed that the minor child may have another biological father since she had broken up with defendant numerous times during which she had been "with another man" who may have impregnated her. She contended, therefore, that the acknowledgment of paternity was based on a mistake of fact. She stated that she did not know the law and signed the paper for a birth certificate. Following a hearing, the trial court ruled that her motion was frivolous and untimely because she failed to bring it within the limitations period set forth in MCL 722.1437.

-1-

## II. STANDARD OF REVIEW

We review de novo questions of statutory interpretation. *Kalin v Fleming*, 322 Mich App 97, 100; 910 NW2d 707 (2017). "When the underlying facts are not disputed, whether a claim is barred by a statutory limitations period is a question of law that this Court reviews de novo." *Titan Ins Co v Farmers Ins Exch*, 241 Mich App 258, 260; 615 NW2d 774 (2000). "We review a trial court's factual findings regarding a revocation of paternity action for clear error." *Kalin*, 322 Mich App at 100. "The trial court has committed clear error when this Court is definitely and firmly convinced that it made a mistake." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues that the trial court clearly erred by denying her motion for revocation of acknowledgment of paternity. We disagree.

Revocation of acknowledgment of paternity is governed by the Revocation of Paternity Act (RPA), MCL 722.1431 *et seq.* " '[I]n order to revoke an acknowledgment of parentage, an individual must file a claim as provided under the [RPA].' " *Rogers v Wcisel*, 312 Mich App 79, 87; 877 NW2d 169 (2015), quoting MCL 722.1007(h) (alterations in original). Under MCL 722.1437(1), "[t]he mother, the acknowledged father, an alleged father, or a prosecuting attorney may file an action for revocation of an acknowledgment of parentage" but "[a]n action under this section shall be filed within 3 years after the child's birth or within 1 year after the date the acknowledgment of parentage was signed, whichever is later." This Court explained in *Kalin*, 322 Mich App at 101-102, that:

> The term "shall" is mandatory. *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008). Accordingly, MCL 722.1437 provides no basis under which a parent may file an action for the revocation of paternity later than three years after the child's birth or later than one year after the signing of the acknowledgment of parentage.
>
> However, MCL 722.1443 provides an exception under which a party may request an extension of time to seek revocation of an acknowledgment of parentage:
>
>> (12) A court may extend the time for filing an action or motion under this act. A request for extension shall be supported by an affidavit signed by the person requesting the extension stating facts that the person satisfied all the requirements for filing an action or motion under this act but did not file the action or motion within the time allowed under this act because of 1 of the following:
>>
>> (a) Mistake of fact.
>>
>> (b) Newly discovered evidence that by due diligence could not have been found earlier.

-2-

(c) Fraud.

(d) Misrepresentation or misconduct.

(e) Duress.

Plaintiff did not file for the revocation of acknowledgment of paternity until September 18, 2018. Because she filed nine years after the 2009 birth of the minor child and more than one year after the parties executed the acknowledgment of paternity, plaintiff untimely filed under MCL 722.1437(1). "Therefore, it was necessary for [plaintiff] to request an extension of the statutory three-year deadline." *Kalin*, 322 Mich App at 102.

The record reflects that plaintiff did not request an extension of the statutory deadline. Consequently, plaintiff's motion for revocation of acknowledgment of parentage failed to comply with the mandatory statutory limitations period prescribed by the RPA. The trial court, therefore, properly denied plaintiff's motion for revocation of acknowledgment of parentage.

Affirmed.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ James Robert Redford